IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Juliana Asare, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 5933 |
| Valentine & Kebartas, Inc., a Massachusetts corporation, LVNV Funding, LLC, a Delaware limited liability company, and Resurgent Capital Services, L.P., a Delaware limited partnership, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Juliana Asare, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, etseq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Juliana Asare ("Asare"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt that she owed originally to Citibank, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

    4.    Defendant, Valentine & Kebartas, Inc. ("V&K"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant V&K operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant V&K was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

    5.    Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

    6.    Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Resurgent operates a nationwide debt collection business and attempts to collect debts from consumers in

virtually every state, including consumers in the State of Illinois. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Resurgent and LVNV are sister corporations. Defendant LVNV is a bad debt buyer and Defendant Resurgent manages collections of the debts that LVNV buys.

8. Defendants are authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois. See, records from the Illinois Secretary of State attached as Group Exhibit A. In fact, Defendants conduct extensive and substantial business in Illinois.

9. Moreover, each Defendant is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Group Exhibit B. In fact, all Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Asare has limited assets and income, and fell behind on paying her bills, including a debt she owed to Citibank. At some point in time after that debt became delinquent, it was bought by Defendant LVNV, and when Defendants were trying to collect this debt from Ms. Asare, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendants' collection actions.

11. Specifically, on January 12, 2011, Defendant V&K sent Ms. Asare a collection letter which stated that the "Original Creditor" was "RESURGENT CAPITAL

SERVICES, LP". Resurgent does not own the debt, nor is it the "Original Creditor". A copy of Defendants' collection letter is attached as Exhibit C.

12. On February 28, 2011, one of Ms. Asare's attorneys at LACD informed Defendants, in writing, that Ms. Asare was represented by counsel, and directed Defendants to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Asare was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Nonetheless, Defendants Resurgent and LVNV sent a collection letter, dated July 13, 2011, directly to Ms. Asare, which demanded payment of the Citibank debt. A copy of this letter is attached as Exhibit E.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications

16. Plaintiff adopts and realleges ¶¶ 1-15. Count I is brought against Defendant Resurgent and LVNV only.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications .See, 15 U.S.C. § 1692c(c).

4

18. Here, the letter from Ms. Asare's, agent, LACD, told Defendants LVNV and Resurgent to cease communications with Ms. Asare (Exhibit D). By continuing to communicate regarding this debt with Ms. Asare, and demanding payment from her (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

19. Defendants LVNV's and Resurgent's violation of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges¶¶ 1-15. Count II is brought against Defendant Resurgent and LVNV only.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew that Ms. Asare was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendants, in writing (Exhibit D), that she was represented by counsel, and had directed Defendants to cease directly communicating with her. By directly sending Ms. Asare a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA --
### Making A False Statement Of The Name Of Creditor

24. Plaintiff adopts and realleges ¶¶ 1-15. Count III is brought against all Defendants.

25. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

26. Defendants' violation of § 1692e of the FDCPA, includes, but is not limited to, falsely stating, in their January 12, 2011 (Exhibit C) collection letter to Plaintiff, that the "Original Creditor" was Resurgent Capital Services, LP, when, in fact, Resurgent does not own the debt, nor was it the "Original Creditor".

27. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Juliana Asare prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Asare, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Juliana Asare, demands trial by jury.

6

Juliana Asare,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 26, 2011

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps& Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com